**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**TIMOTHY W. SPIDEL,**

**Plaintiff,**

**v.**

**KEVIN HAYS, et al.,**

**Defendants.**

**Case No. 14-3160**

**MEMORANDUM & ORDER**

This matter comes before the court upon defendant Lacy Halton's Motion to Dismiss (Doc. 31) and defendant Dan Rhabe's Motion for Summary Judgment (Doc. 36). Plaintiff has failed to timely respond to either of these motions. On June 20, 2017 the court issued an order to show cause why the motions should not be granted as unopposed (Doc. 45). The court granted one extension of this deadline up to and including July 20, 2017 (Doc. 47). Plaintiff failed to respond to the court's order to show cause or to respond to either of defendants' motions.

**I. Background**

On August 29, 2014, plaintiff Timothy W. Spidel, appearing pro se, brought this action pursuant to 42 U.S.C. § 1983 for violations of his First, Fourth, Fifth, Eight, and Fourteenth Amendment rights. Defendants currently remaining in the case are Kevin Hays, Dan Rhabe, and Lacy Halton, who are all parole officers at the Salina Parole Office, sued in their official capacities. Plaintiff's complaint recounts plaintiff's September 9, 2013 visit to the parole office in Salina, where plaintiff met with defendant Hays. Plaintiff claims that defendant Hays asked him what he had been doing, and that plaintiff described his activities, mentioning that he had been spending a lot of time at church and describing the role church was playing in his life. Plaintiff claims that defendant Hays

objected to plaintiff talking about his religion and told him to stop, eventually shoving plaintiff three times. Plaintiff states that defendants Rhabe and Halton were standing outside the office door in the hallway and failed to intervene. Plaintiff describes being violently handcuffed and the pain he felt due to the handcuffs being too tight. Plaintiff asserts that when he was picked up by Salina police to be transported to the police station, the officer loosened his cuffs and said "Hays is an asshole" but that the officer declined to "file charges" against Hays but encouraged plaintiff to talk to investigators about the incident.

Plaintiff did report the incident to investigators the day after he was arrested but to plaintiff's knowledge, no action was taken based on his report. Plaintiff was charged with felony battery of a parole officer and was sent to Ellsworth Correctional Facility for violating his parole. Upon release, plaintiff describes being transported to the Saline County Jail where he was told that "parole put a hold on you." Plaintiff claims that he was held illegally while the parole office considered filing additional charges, even though the court dismissed all charges relating to the incident with defendant Hayes on January 10, 2014. Apparently plaintiff remained incarcerated for some time after he filed this case in August 2014. He was released December 26, 2014.

Defendant Halton moves to dismiss this action because she claims she is entitled to Eleventh Amendment immunity, or alternatively to qualified immunity, and because her lack of personal participation in the situation described precludes recovery under § 1983. Defendant Rhabe moves for summary judgment because he claims he is entitled to qualified immunity and because he did not personally participate in the altercation plaintiff describes in his complaint.

## I. Discussion

### A. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 8(a)(2) requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do."). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008).

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *see also* Fed. R. Civ. P. 8(a). Although the court considers the complaint's allegations to be true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556, U.S. at 678.

Where a plaintiff proceeds pro se, the court construes her filings liberally and holds them to less stringent standards than pleadings filed by lawyers. *Barnett v. Corr. Corp of Am.*, 441 F. App'x 600, 601 (10th Cir. 2011). Pro se plaintiffs are nevertheless required to follow the Federal and Local Rules of practice and the court does not assume the role of advocating for plaintiff. *United States v. Porath*, 553 F. App'x 802, 803 (10th Cir. 2014).

### B. Summary Judgment

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The party moving for summary judgment has the burden to show "the lack of a genuine issue of material fact." *Ascend Media Prof'l Servs., LLC v. Eaton Hall Corp.*, 531 F. Supp. 2d 1288, 1295 (D. Kan. 2008) (citing *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986))). Once the moving party meets this initial burden, the burden then shifts to the nonmovant to "set forth specific facts showing that there is a genuine issue for trial." *Id.* (citing *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986))).

The nonmovant may not rest on his pleadings or "rely on ignorance of the facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 259 (1986)); *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988). Instead, the nonmovant is required to set forth specific facts, by referencing affidavits, deposition transcripts, or exhibits, from which a rational trier of fact could find for him. Fed R. Civ. P. 56(c)(1); *see also Ascend Media*, 531 F. Supp. 2d at 1295 (citing *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000)). Summary judgment is not a "disfavored procedural shortcut" —it is an "integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp.*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

### C. Eleventh Amendment Immunity

The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United

States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. The United States Supreme Court has held that "absent wavier by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). The same prohibition applies to suits brought against state officials in their official capacity. *Id.* The rational for this prohibition is that any judgment against a state official in their official capacity would impose liability on the state. *Id.*

As mentioned above, defendant Halton claims that she is entitled to Eleventh Amendment immunity because plaintiff sued her in her official capacity and the state has not waived its immunity in this case. The court agrees. To the extent plaintiff's claims are brought against defendants in their official capacities, those claims are dismissed.

**D. Qualified immunity**

"Government defendants sued under § 1983 in their individual capacities have qualified immunity: government officials are not subject to damages liability for the performance of their discretionary functions when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993)). It protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

On a motion to dismiss, plaintiffs "must allege sufficient facts that show—when taken as true—the defendant plausibly violated [their] constitutional rights, which were clearly established at the time of violation." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir, 2012). The court exercises its discretion based on the facts of each case in deciding which prong to first address. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Both defendants Halton and Rhabe claim they are entitled to qualified immunity because plaintiff does not claim that either personally participated in plaintiff's alleged constitutional violations. Once qualified immunity is asserted, plaintiff bears the burden to show that a constitutional violation occurred and that it was clearly established at the time of the violation. Because plaintiff did not respond to defendants' dispositive motions, plaintiff has not met this burden. Defendants' motions are therefore granted on this additional ground.

**III. Defendant Hays has not been served and is therefore dismissed pursuant to Fed. R. Civ. P. 4(m)**

In the court's order to show cause, it noted that Kevin Hays has not been served. The court previously ordered production of his last known address (Doc. 23), and the resulting waiver of service of summons returned unexecuted. The court has done all it can in an effort to locate and serve defendant Hays on plaintiff's behalf. As plaintiff is no longer incarcerated, the court no longer has an obligation under 28 U.S.C. 1915(d) to locate and serve defendant Hays. Plaintiff was ordered to show good cause why defendant Hays should not be dismissed for failure to serve him under Fed. R. Civ. P. 4(m), also by July 20, 2017. Plaintiff failed to respond. Therefore, all claims against defendant Hays are dismissed for failure to timely serve him,

**IT IS THEREFORE ORDERED** that defendant Lacey Halton's Motion to Dismiss (Doc. 31) is granted.

**IT IS FURTHER ORDERED** that defendant Dan Rhabe's Motion for Summary Judgment (Doc. 36) is granted.

**IT IS FURTHER ORDERED** that defendant Kevin Hays is dismissed for failure to effect service upon him pursuant to Fed. R. Civ. P. 4(m).

This case is closed.

Dated July 21, 2017, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**